GEORGE W. MANN v. CYRUS F. HOLBROOK.

When a plaintiff sues out a writ, and causes the same to be served, and then neglects, at the return day of the writ, to appear and prosecute his suit, and the magistrate is not present at the time and place of return with the writ; whereby the defendant incurs expense and loss, the defendant may have a remedy against the plaintiff therefor by an action on the case.

The case of *Stevens* v. *Wilkins*, 8 Vt. 230, overruled.

TRESPASS ON THE CASE. The plaintiff alleged in his declaration, in substance, that the defendant sued out a writ of attachment against him, returnable before a justice of the peace, and caused it to be served by attaching his property, and that thereupon the plain-

tiff made his necessary preparation for the defence of said suit and summoned his witnesses, and, on the return day of the writ, appeared at the time and place set for trial, with his witnesses, and remained there more than two hours, but that the defendant did not appear to prosecute his suit, and the magistrate did not appear with the writ, nor take cognizance of the suit, whereby the plaintiff was put to great trouble and expense, to wit, the sum of ten dollars. To this declaration the defendant demurred generally.

The county court, June Term, 1847,—HALL, J., presiding,—adjudged the declaration sufficient and rendered judgment for the plaintiff. Exceptions by defendant.

*J. P. Kidder*, for defendant, relied upon the case of *Stevens* v. *Wilkins*, 8 Vt. 230.

*E. Weston*, for plaintiff, cited 2 Stephens' N. P. 1007, 1010 ; *Burnett v. Lynch*, 12 E. C. L. 334.

The opinion of the court was delivered by

REDFIELD, J. This is a demurrer to a declaration, in which the plaintiff in substance alleges, that the defendant sued out a writ against him, returnable before a justice of the peace, and then omitted to enter it, or to appear and obtain a continuance, or to proceed with the suit in any mode.

This court, upon the present circuit, held, that in such a case, where the plaintiff positively suppressed the writ, he was liable to an action on the case for all costs incurred by the defendant in preparing a defence to such suit.[*] That, in principle, is the same as the present case. The *gist* of the action is, that the defendant sued out a writ, which he neglected to prosecute, whereby the plaintiff was put to expense and loss. Whether he behaved with more or less of malice, or wantonness, or positive wrong, is not material. If he were guilty of a neglect of duty, whereby the plaintiff sustained loss, he is liable in this form of action, if the register affords no other remedy. If the defendant has any sufficient excuse, he may show it by plea, or by proof upon the general issue.

[*] See *Griffin* v. *Farwell*, *ante*, page 151.

Holbrook et al. *v.* Murray et al.

It may be said, that this case conflicts with that of *Stevens* v. *Wilkins*, 8 Vt. 230. If so, I cannot regret it; for I never very well comprehended the justice of that decision, but was told at the time by older and more experienced judges, that such had been the general view of the profession, and, among others, of the late Nathaniel Chipman,—whose opinions have long been regarded with great respect by this court,—and so I acquiesced in the decision.

Judgment affirmed.