## FELTT AND ANOTHER *v.* DAVIS.

### *Action on the Case.*

In case, the declaration alleged that defendant caused a citation to be served on plaintiffs, citing them to appear at the office of D., a justice of the peace in the town of M., at a certain time, to be present at the taking of defendant's deposition to be used in a cause between plaintiffs and defendant then about to be tried; that at the time named, one of plaintiffs, with counsel, went to the dwelling-house of one D., a justice of the peace in said town, who was the only person of that name therein authorized to take depositions; that there was then no such place in said town as the office of D.; that no citation was then returned to, nor in the hands of, said D., citing plaintiffs so to appear; that there was then no appearance by nor for defendant; and that in consequence of the service of said citation, plaintiffs were put to great expense, &c. On general demurrer to a plea thereto, it was *held*, that as the declaration did not allege that the citation was issued maliciously and without probable cause, the damages alleged were *absque injuria*, and the declaration in sufficient.

CASE.    The declaration alleged,

That whereas a suit is pending in the County Court within and for the County of Windsor, between the plaintiffs and the defendant; and whereas the defendant on, &c., at, &c., caused a citation to be served upon the plaintiffs, to be present at the office of William Deavitt, in Moretown, in the County of Washington, on, &c., to be present at the taking of the deposition of defendant, to be used in said cause, and caused a copy of said citation to be delivered to each of the said plaintiffs, on, &c., and averred, that in consequence thereof, plaintiffs employed counsel, and one of plaintiffs did, on, &c., go to said Moretown, and with his counsel, appear at the dwelling-house of William Deavitt, and that said Deavitt then informed said plaintiff that there was no such place as the office of William Deavitt in said Moretown, and that he, the said Deavitt, was the only justice of the peace of that name in said Moretown, and that he had no knowledge of any such citation; that there is not, nor was, at the time of the service of said paper upon plaintiffs, any such place in Moretown as the office of William Deavitt; that there is and was but one person in said Moretown by the name of William Deavitt, authorized by the laws of this state to take depositions, namely, the William Deavitt at whose dwelling-house the said plaintiff was present, on, &c., and that neither the said defendant nor any person for him, appeared at the dwelling-house of said Deavitt, on, &c., and that no subpœna or citation was returned to, or in the hands of, said Deavitt, summoning the plaintiffs to appear as aforesaid; and that in consequence of the service of said paper upon them, plaintiffs had been put to diverse and great expense in money in and about the employing of counsel, and in and about their said attendance, and have paid out for counsel a large sum of money, to wit, the sum of ten dollars, and have paid out in and about their attendance upon said day and at said place, another large sum of money, to wit, the sum of thirty dollars, and have lost much time by reason of the service of said paper upon them.

The defendant pleaded the general issue, and specially, that at and before the service of the citation mentioned in the declaration, the defendant and said Deavitt resided in said Moretown, and the said Deavitt was then a justice of the peace, and did all his official business in a convenient room in his dwelling-house; that after said citation was served, and nine days before the time in said citation set for the taking of the deposition in the declaration mentioned, the defendant's attorney inclosed it, with a letter re-

questing defendant to appear with said citation at the time and place named therein and give his deposition, and mailed it, addressed to defendant at said Moretown, and on the same day wrote a letter addressed to said Deavitt, at said Moretown, notifying him of the time and place of taking said deposition by him as justice of the peace; that said attorney then supposed said citation and letters would be received by said defendant and Deavitt seven days before the time named in said citation; that both defendant and said Deavitt then resided nearer to the post office in Waterbury than to that in Moretown, and were in the habit of doing their post-office business at the former place, but that said attorney did not know it; and that neither the defendant nor said Deavitt received said citation and letters before the time named in said citation for the taking of said deposition, nor within two hours thereafter, nor had any knowledge of the time and place, &c. General demurrer to the special plea.

The court, at the May Term, 1875, Windsor County, BARRETT, J., presiding, overruled the demurrer, adjudged the plea sufficient, and rendered judgment for the defendant; to which the plaintiff excepted.

*Hugh Henry,* for the plaintiff.

The plea is insufficient. It does not show proper diligence on the part of the defendant. It was his duty to know of the time and place of taking the deposition; and he cannot excuse himself from liability upon the ground of want of knowledge of the matters that it was his duty to *know,* before he put the plaintiffs to expense. *Mann* v. *Holbrook,* 20 Vt. 523.

It makes no difference whether his neglect consisted in depriving himself of knowledge of the return day, or of not attending on the return day. In either case, his neglect of proper precaution and diligence, works the injury and expense to the other party; and in either case, he is liable. The fact that he was not present at the return day and place, is, in law, an actionable neglect, only to be done away with by proof that he was prevented from attendance by the act of God; nor is it necessary to aver the neglect, the law implies it. *Mann* v. *Holbrook, supra.*

An action on the case lies for injuries received on account of the negligence of the party to be charged. *Sheldon* v. *Fairfax*, 21 Vt. 102 ; *Claflin* v. *Wilcox*, 18 Vt. 605 ; *Griffin* v. *Farwell*, 20 Vt. 151.

*Geo. L. Fletcher*, for the defendant.

The plea is sufficient, as it answers all the allegations in the declaration. The declaration is defective. It does not charge malice, fraud, deceit, negligence, want of ordinary care, nor the committing of a wrongful act, some of which, with damage, must be set forth affirmatively, in order to entitle the plaintiffs to recover. *Drew* v. *Potter*, 39 Vt. 189 ; *Walcott* v. *Canfield*, 3 Conn. 194. No cause of action arises *ex delicto* upon the facts as alleged in the declaration, by which the court can see that damage ensued from the wrongful act or negligence of the defendant. *Max* v. *Roberts*, 12 East, 88, 94 ; 2 Chit. Pl. 600 ; *Wharton* v. *Sutton*, 1 T. R. 544.

The declaration is defective in not setting out wherein the plaintiffs suffered damage or loss by reason of the non-appearance of the defendant before the justice. *Jackson* v. *Pesked*, 1 M. & S. 234.

The plaintiffs would have had no property in the deposition ; nor would it have been in any way subject to their control ; nor would plaintiffs have been entitled to any costs. The declaration shows no right of recovery therefor ; neither does it allege any loss by reason of non-appearance before the justice.

There is no averment in the declaration that the plaintiffs appeared at the time of day set in the notice, nor that they appeared at any time within two hours of the time, which is a necessary and material averment. The statute does not give to the adverse party attending the taking of a deposition, fees for travel and attendance, nor attorney fees.

The plaintiffs were under no obligation to attend. The defendant exercised a legal right in the issuing and service of notice. Gen. Sts. c. 36, ss. 2, 3 ; *In re Foster*, 44 Vt. 570.

An act lawful and right in and of itself is not actionable on account of its being performed in an improper manner, or from a

bad motive. *South Royalton Bank* v. *Suffolk Bank*, 27 Vt. 505. A fraud, unaccompanied by damage, is not actionable. *Nye* v. *Merriam*, 35 Vt. 438; *Ide* v. *Gray*, 11 Vt. 615; *Nash* v. *Whitney*, 39 Me. 343. *Griffin* v. *Farwell*, 20 Vt. 151, and *Mann* v. *Holbrook*, Ib. 523, are not authorities for the case at bar. Those cases were for the commission of wrongful acts by the defendants therein, whereby plaintiffs were deprived of taxable costs; whereas this declaration charges no damages by reason of defendant's non-appearance, nor because of the non-return of the citation to the justice. If defendant is liable at all, it can only be for a malicious prosecution; and the declaration does not make this such an action — it does not allege the *scienter*. *Buxentine* v. *Sharp*, 3 Salk. 12; *Scheibel* v. *Fairbain*, 1 B. & P. 388; *White* v. *Dingley*, 4 Mass. 435; *Lindsay* v. *Larned*, 17 Mass. 190; *Harman* v. *Tappenden*, 1 East. 562; *Vanduzor* v. *Linderman*, 10 Johns. 106; *Purtin* v. *Honnor*, 1 B. & C. 205; 1 Chit. Pl. 387, 388, 389; *Ide* v. *Gray*, 11 Vt. 615.

· The opinion of the court was delivered by

Ross, J. The demurrer reaches the first defect in the pleadings. While admitting that his plea may be defective, the defendant insists that the declaration does not disclose a cause of action, and hence his plea is a sufficient answer to it. The action, so far as it can be characterized by the facts stated in the declaration, is an action on the case, sounding in tort. To entitle the plaintiffs to recover, they must show that the acts set forth in the declaration, as to them, were tortious, and occasioned them damage. The defendant had a legal right to cite the plaintiffs to appear at Moretown, to be present at the taking of his deposition. They were under no legal obligation to obey the citation. If they did so, it was from voluntary choice, and not because the defendant compelled them to that service. It might or might not be for their pecuniary interest to comply with the invitation that he extended to them. If they accepted, and were present at the time and place appointed, the defendant was under no legal obligation to have his deposition taken; and the law has prescribed no penalty for his neglect to have it taken. If the defendant had

been present, and given his deposition, the plaintiffs' journey might have been equally onerous in expense, and alike fruitless of beneficial results, as the defendant was neither bound to file nor use the deposition when taken ; nor could the plaintiffs compel him to do either, nor avail themselves in any way of the deposition without the defendant's consent. No costs are by law taxable on behalf of the plaintiffs for their expenses, or travel and attendance, in obedience to the citation. It is difficult to conceive what the plaintiffs could have gained pecuniarily by the taking of the deposition, or what they have lost by the failure to give the deposition, which they would not have lost if the deposition had been taken. When costs are taxable to a party for attendance upon a proceeding in a suit, they are the only damages recoverable, unless the other party made use of the process and proceedings without probable cause, maliciously. The declaration contains no averment of malice and want of probable cause. The inference is, that the defendant had probable cause for issuing the citation, inasmuch as the testimony of the party to a suit, in some form, is usually necessary. The gist of the plaintiffs' complaint is, the issue of the citation, and failure of the defendant to be present and give his deposition. The issue of the citation, so far as regards the allegations in the declaration, was lawful, and the failure of the defendant to be present and give his deposition, not unlawful. The travel and expenses incurred by the plaintiffs in attending at Moretown, could not in any event have been taxed against, nor recovered of, the defendant in the suit in which the deposition was to have been taken. We conclude, therefore, that the declaration fails to disclose a cause of action, in that it does not aver that the citation was issued without probable cause and maliciously ; and that the damages therein set forth, without the allegations of want of probable cause and malice, are *absque injuria* as regards the plaintiffs, as in no event were they taxable or recoverable in the suit in which the deposition was to have been taken. In the latter particular, the case at bar is clearly distinguishable from *Mann* v. *Holbrook*, 20 Vt. 523, relied upon by the plaintiffs. The defendant in that case had, by the issue and service of the writ, not only invited the plaintiff to a contro-

versy, but had brought him within the jurisdiction of the court in which the plaintiff had the right to have the matters alleged against him adjudicated and forever put to rest in his favor, and to recover the costs by law allowed. We do not regard that case as an authority for the case at bar; nor has any such authority been brought to our attention; nor are we able to bring the case within any well-settled and known principles of the law.

Judgment affirmed.