· ˙ MARCUS WENTWORTH *vs.* LUTHER E. WYMAN.

Waldo. Opinion July 25, 1888.

*Costs. Want of jurisdiction. Trial justice.*

One who is sued before a trial justice after his commission has expired, and who, on that account, is denied a trial, denied his costs and denied an appeal, can maintain an action to recover his costs.

ON exceptions.

The opinion states the point and material facts. ·

*J. H. Montgomery*, for the plaintiff, cited: Cooley, Torts, 468; *Call* v. *Mitchell*, 39 Maine, 465; *Shaw* v. *Reed*, 16 Mass. 450; Addison, Torts, 810; *Bond* v. *Chapin*, 8 Met. 31. *Kerr* v. *Mount*, 28 N. Y. 659.

*George E. Johnson*, for the defendant.

If a party to a suit has any knowledge or suspicion that the court before whom said suit is to be tried, is not qualified to try and determine the same, and proceeds to trial without raising the question, he thereby waives the question, and cannot afterwards

take advantage of it, at least he waived his right to recover any damages sustained by him in that suit. *Hussey* v. *Allen*, 59 Maine, 269 ; *Knowlton* v. *Homer*, 30 Maine, 552.

In *Veazie* v. *Bangor*, 53 Maine, 50, this court held that, "if there be any legal objection to the court, it should be seasonably made, and proceeding to trial without objection, if known, is a waiver of it."

See *Brown* v. *Lunt*, 37 Maine, 423, in which objection was taken to the execution of a deed by one of the defendants, that the certificate of acknowledgment was not made by a person authorized to make it. It appeared in evidence that the certificate of acknowledgment was made by a person whose commission as justice of the peace had previously expired. On page 432 the court say, after citing numerous authorities : "The case shows, that neither the magistrate, nor the parties to the deed knew, nor the public, by fair presumption, knew or supposed, that his commission had expired. He had been duly accredited by the government, and was assuming to act in his official capacity, as of right, and with at least a colorable right. . . . . He must be regarded, therefore, as a justice of the peace, *de facto*, when he took and certified the acknowledgment of the deed to Mrs. Lunt." And the court held the acknowledgment to be valid.

In *White* v. *Dingley*, 4 Mass. 433, the court held that, "no action, by the common law, lies for damages sustained by suing a civil action, when the plaintiff fails ; unless it be alleged and shown to be malicious and without probable cause."

WALTON, J. The question is whether one, who is sued before a trial justice after his commission has expired, and who, on that account, is denied a trial, denied his costs, and denied an appeal, can maintain an action to recover his costs.

We think he can. It is now well settled, although formerly held otherwise, that when an action fails for want of jurisdiction, the defendant is entitled to costs ; and, if he cannot recover them otherwise, he can maintain an action for them. The rule, as stated in *Elder* v. *Dwight Man. Co.* 4 Gray, 201, is that, where a writ is served, returned, and entered by the plaintiff, and the

suit fails for want of jurisdiction in the justice to try it, the defendant is entitled to costs; that the defendant has a right to appear and save his rights, and guard against even an erroneous judgment, and may rightfully be regarded as the prevailing party. And in *Call* v. *Mitchell*, 39 Maine, 465, it was held that, although a magistrate has no jurisdiction, and a judgment by him would be a nullity, still, the defendant is entitled to costs. And in *Mann* v. *Holbrook*, 20 Vt. 523, where the plaintiff sued out a writ returnable before a magistrate, and the defendant appeared, but no trial was had, because the magistrate was absent, the plaintiff having neglected to notify him of the pendency of the action, it was held that the defendant could maintain an action to recover his costs. And in *Shaw* ·v. *Reed*, 16 Mass. 450, although it was held that an action of trespass for false imprisonment would not lie in such a case for the arrest of the defendant on the writ, it was also held that he would have a remedy by an action on the case, if the absence of the justice arose from the plaintiff's negligence.

These authorities establish the principle that, in a proper case, an action may be maintained to recover costs. And we think this is such a case. The plaintiff was summoned to appear before a trial justice to answer in a civil suit. He did appear with his witnesses and his counsel. He was then denied a trial, denied his costs, and denied an appeal, because the defendant had carelessly brought his action before a justice whose commission had expired. The injury to the plaintiff was the same as if the justice had been absent. To him it could make no difference whether he lost his trial on account of the absence of the man or the absence of his authority. In either case, the injury to him would be the same. And for such an injury we think he could as clearly maintain an action in the one case as the other. And there is no hardship in making the wrong doer responsible in the one case any more than in the other. He not only selects the time and place of trial, but he also selects the magistrate; and it is as clearly his duty to select a magistrate

who is competent to try the action, as it is to notify the magistrate of the time and place appointed for the trial. For a neglect to perform his duty in the latter particular, it has already been decided that an action may be maintained against him. And for a neglect to perform his duty in the former particular, we think he is equally liable.

*Exceptions sustained, nonsuit taken off*
*and a new trial granted.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.